# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**GLENN D. ODOM II**                                                                                              **PLAINTIFF**

**v.**                                                                                   **CIVIL ACTION NO. 5:12CV-P73-R**

**GARY PHERAL** *et al.*                                                                                          **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Glenn D. Odom III filed a motion to issue and serve civil complaint (DN 9), a motion to amend civil complaint (DN 12), and a motion to compel (DN 13). Each is addressed below.

### *Motion to issue and serve civil complaint*

Plaintiff asks the Court to serve his complaint on Defendants. Because Plaintiff is a prisoner seeking relief from governmental officers and is also proceeding *in forma pauperis*, the Court must screen the complaint and dismiss the complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e), 1915A. This screening must occur before process is served on Defendants. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Below, the Court has granted Plaintiff 30 days to amend/supplement his complaint. Following expiration of the 30 days, the Court will undertake an initial review of the complaint and any amended/supplemental complaint to determine whether to order service on Defendants.

Because the Court must perform initial screening pursuant to statute prior to service of the complaint, **IT IS ORDERED** that the motion to issue and serve complaint (DN 9) is **DENIED**.

*Motion to amend civil complaint*

Plaintiff asks to amend his complaint by "changing this 'access of courts' claim to a retaliation and harassment claim" because since the filing of the complaint Defendants "have been continuously harassing and retaliating against [him]." He also seeks compensatory, nominal, and punitive damages. A party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a). However, Plaintiff did not submit a proposed amended and/or supplemental complaint, and it is unclear whether Plaintiff seeks to dismiss his claim of denied access to courts and substitute claims of retaliation and harassment or seeks only to supplement his original complaint with claims of retaliation and harassment which have occurred only since the filing of the complaint.

**IT IS THEREFORE ORDERED** that as submitted, Plaintiff's motion to amend the complaint (DN 12) is **DENIED**.

Notwithstanding this denial, **IT IS ORDERED** that within **30 days** from the date of entry of this Order, Plaintiff may file an amended/supplemental complaint on a Court-supplied 42 U.S.C. § 1983 form. Once the amended/supplemental complaint has been filed, the Court will undertake initial review under § 1915A of the complaint and any amended/supplemental complaint that Plaintiff files. The **Clerk of Court is DIRECTED** to send Plaintiff a § 1983 form.

*Motion to compel*

Plaintiff asks the Court pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure to order the Clerk of Court to supply him with a copy of his complaint so that he may supplement the action. He contends that he was denied copies from the Kentucky State Penitentiary law librarian and forced to mail the complaint without retaining a copy.

Rules 34 and 37 are discovery rules that do not apply in this situation, and Plaintiff fails to explain why he needs a copy of the complaint to amend and/or supplement it. Further, although the Court previously granted Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), that statute "does not give the litigant a right to have documents copied and returned to him at government expense." *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) ("The statutory right to proceed in forma pauperis, Section 1915(a), Title 28 United States Code, does not include the right to obtain copies of court orders without payment therefor.").

**IT IS THEREFORE ORDERED** that the motion to compel the Clerk of Court to supply him with a copy of the complaint (DN 13) is **DENIED**.

The **Clerk of Court is DIRECTED** to send Plaintiff a copy request form should he wish to pay for the copy of the complaint (DN 1).

Date:

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005