UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM II**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 5:12CV-P73-R**

**GARY PHERAL** *et al.*  **DEFENDANTS**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Glenn D. Odom III's *pro se* motion for a temporary restraining order (TRO) and preliminary injunction. For the reasons that follow, the motion will be denied.

### I.

In his motion, Plaintiff alleges that Defendant Kentucky State Penitentiary (KSP) Officer Gary Pheral, law librarian, has removed legal documents that Plaintiff sent for copying; refuses to provide Plaintiff laws to view; sends Plaintiff incorrect requested statutes and laws; refuses to copy documents marked as exhibits in his civil actions; and disorganizes "lengthy legal documents that I send for copies then writing 'you need to reorganize your legal papers' while denying me the copies." He reports having written Defendant Pheral about these problems as well as having written letters to Pheral's supervisors, KSP Defendants Program Director/Grievance Coordinator Skyla Grief, Deputy Wardens Alan Brown and Joel Dunlap, and Warden Philip Parker and Defendant Kentucky Department of Corrections Commissioner LaDonna Thompson. Plaintiff reports that he has two actions pending in the U.S. District Court for the Southern District of Indiana; two actions pending in the Lyon County state court; one post-conviction (RCr 11.42) motion pending in Jefferson Circuit Court; and two actions pending

in the U.S. District Court for the Eastern District of Kentucky. He alleges that none of his actions are frivolous and "nearly all involve serious physical injury." Plaintiff seeks a temporary restraining order "requiring defendants to provide Plaintiff with all guarantees listed in C.P.P 14.4 and I.P.P 14-04-01" and a preliminary injunction "requiring defendants to set measures in place that ensure C.P.P 14.4 and I.P.P 14-04-01 are being carried out." In a proposed order attached to his motion, Plaintiff requests an order directing Defendants to provide him with legal copies of exhibits to civil actions; to provide him with "requested laws, statutes, and ACA Standards to view"; to stop opening privileged and confidential mail outside his presence; to stop removing legal documents/evidence; and to stop "disorganizing legal documents sent for copies leaving over one hundred (100) pages in disarray." He additionally asks for full access to the law library and legal copies.

## II.

To determine whether to grant a TRO or a preliminary injunction, a district court must consider: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether its issuance would cause substantial harm to others; and (4) whether the public interest would be served by its issuance. *Summit Cnty. Democratic Cent. and Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). These factors are not "rigid and unbending requirements," as there is no "fixed legal standard" in determining whether to issue an injunction. *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has

traditionally required such irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). As to the irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparedness of the Commonwealth of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). The plaintiff must show harm that is not remote or speculative, but is actual and imminent. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *See Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).

    Here, Plaintiff has shown neither a likelihood of success on the merits for the purposes of being granted immediate relief nor irreparable harm. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). No actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356. While Plaintiff has alleged that he has multiple pending actions in various courts that are not frivolous, he does not provide specific facts (much less evidence) showing that any of those actions are currently being hindered or about to be dismissed due to actions of Defendants. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Plaintiff simply alleges in a conclusory fashion that his inability "to receive legal copies or view laws [] will,

3

undoubtedly, cause many, if not all, my criminal and civil cases to be dismissed." "The speculative nature of [Plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (remedy of preliminary injunction is unavailable absent showing of irreparable injury).

      For these reasons, **IT IS ORDERED** that the motion for TRO and preliminary injunction (DN 5) is **DENIED**.

Date:

cc:    Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005