# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**GLENN D. ODOM, II**                                                                                                                          **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 5:12CV-P73-R**

**GARY PHERAL** *et al.*                                                                                          **DEFENDANTS**

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's motion for recusal (DN 57). In this motion Plaintiff requests this "Honorable court [to] disqualify itself in this action." In support of this request, Plaintiff states that Defendants continually harass, torment, and torture him, and they continue to engage in the wrongful action alleged in Plaintiff's amended complaint. He states that he has "begged, and begged, begged this Honorable Court to provide any form of relief." However, according to Plaintiff, this Court has turned a "blind eye to [the] unconstitutional filth." Plaintiff further states that he is "100% convinced that this Court, for some unknown reason(s), is clearly in favor of the adverse party in this action."

Both 28 U.S.C. § 144 and § 455(b)(1) require a judge to disqualify himself from hearing a case where he has a personal prejudice or bias concerning a party. As used in both statutes, the phrase "personal prejudice or bias" is interpreted as having the same meaning. *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985). To demonstrate bias or prejudice, the party seeking recusal must set out specific facts demonstrating a personal bias that stems from an extrajudicial source. *Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985).

In this present action, Plaintiff filed an amended complaint that is 71 pages in length. Plaintiff also filed a 15-page accompanying memorandum and a stack of exhibits which he marked A-WWW and 1-261 and which measures approximately 3.5 inches in depth.

Additionally, Plaintiff has filed numerous motions in this case.  The review of Plaintiff's filings has been complicated by the volume of materials filed by Plaintiff.

Plaintiff points to no extrajudicial source of bias or prejudice in his motion.  He bases his request for recusal on his dissatisfaction with the Court's rulings and on his belief that the Court has failed to meet his expectations as to the time in which its initial review of the amended complaint and rulings on Plaintiff's motions would occur.  "'Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law . . . .'"  *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 359 (6th Cir. 2007) (quoting *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989)); *see also Hayes v. City of Memphis*, 108 F. App'x 262, 265 (6th Cir. 2004) ("Disqualification is based on extrajudicial, rather than judicial, conduct."); *Jewell v. Ohio State Univ.*, No. 91-3048, 1991 WL 158755, at *2 (6th Cir. Aug. 14, 1991) ("[A] judge's adverse rulings against a party do not render him biased and do not warrant recusal.").  Furthermore, "the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held."  *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)).  "Therefore, the court is well within its discretion to deny a motion to disqualify where, as here, the motion 'is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench.'"  *Darwich v. United States*, No. 10-CV-10775, 2010 WL 3070079, at *2 (E.D. Mich. Aug. 4, 2010) (quoting *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)).

Consequently, Plaintiff's motion for recusal (DN 57) is **DENIED**.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.003