UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                                          **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:12CV-P73-R**

**GARY PHERAL *et al*.**                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a memorandum and declaration in support of a motion for temporary restraining order (TRO) and preliminary injunction (PI) (DN 53). He has also filed an emergency motion to cease and desist (DN 54). The Court construes both filings to be motions for a TRO and PI. Plaintiff previously filed two other such motions in this case (DNs 5 & 29). Both of the prior motions for TRO and PI were denied by this Court (DNs 25 & 38).

In the motion for TRO and PI (DN 53), Plaintiff seeks such an order "to ensure that [he] receive[s] the right to file grievances . . . ." He states that the grievance restrictions placed upon him by Defendant Parker expired, yet he remains on grievance restrictions. He further states that "[e]ven though policy says I can file 'one(1) grievance every ten(10) days' Skyla Grief only allows me one (1) grievance every twenty-three (23) days and sometimes trashes my grievance if it is a major issue." Plaintiff states that as a result of his grievance restrictions he was "denied an opportunity to grieve the Dr. (Steve Hiland) refusing to examine my fractured finger/hand, and MANY, MANY, MANY other complications dealing with other federal and State Appellate court actions."

In the motion to cease and desist (DN 54), Plaintiff states the following: (1) that Tammy in the mailroom is "rejecting/holding/denying/stealing plaintiff's incoming general mail that is legal documents"; (2) that he is being "paraded to the vacant-condemned prison basement by

officers for no logic reason"; (3) that "they just came in my cell and trashed it BADLY"; (4) that "they took my jailhouse lawyer's lawbooks and claimed that they where altered"; (5) that "[t]hey will not let me call my civil atty. that U.S.D.C (Terre Haute) has appointed me"; (6) that "they have me on grievance restriction although I'm really not on any grievance restriction and I keep asking to be taken off"; (7) that "certain officers are not feeding me but they act like they did"; and (8) that he has a fractured "finger/hand" and wants to see a private doctor, but this request is being denied. Plaintiff contends that he is unable to do anything about these issues because he is not allowed to file grievances. He states that he is "begging this Court to take some kind of action-any kind of action-that will make the defendants leave plaintiff alone and allow him his constitutional rights."

To determine whether to grant a TRO or a preliminary injunction, a district court must consider: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether its issuance would cause substantial harm to others; and (4) whether the public interest would be served by its issuance. *Summit Cnty. Democratic Cent. and Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). These factors are not "rigid and unbending requirements," as there is no "fixed legal standard" in determining whether to issue and injunction. *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). As to the

irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparednesss of the Commonwealth of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). The plaintiff must show harm that is not remote or speculative, but is actual and imminent. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).

Plaintiff has failed to show both a likelihood of success on the merits for purposes of being granted immediate relief and irreparable harm.

Prisoners do not possess a constitutional right to a prison grievance procedure. *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346 (6th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). Nor does state law create a liberty interest in the grievance procedures. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Regarding Plaintiff's allegations that he is being paraded to the "vacant-condemned prison basement," that certain officers are not feeding him, and that "they came in my cell and trashed it <u>BADLY</u>," Plaintiff fails to allege facts sufficient to rise to the level of a constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the pleading standard of Rule

8 of the Federal Rules of Civil Procedure requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Plaintiff also alleges that someone took his "jailhouse lawyer's lawbooks" and will not return them. Plaintiff fails to allege any actual injury as a result of the failure to return his books. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (wherein the Court articulated an actual-injury requirement for a denial of access-to-courts claim). Additionally, Plaintiff has no constitutional claim regarding the return of this property unless the state post-deprivation remedies are inadequate. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44; *Pilgrim v. Littlefield*, 92 F.3d 413, 416-17 (6th Cir. 1996); *see also Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) (holding that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate"). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. at

539 (O'Connor, J., concurring). Plaintiff has not made any allegation that Kentucky's post-deprivation procedures are inadequate to remedy the deprivation.

Plaintiff also argues that the requested emergency relief is needed because he is not being allowed to call his civil attorney. Plaintiff fails to allege any actual injury as a result of this alleged prohibition. *Lewis v. Casey*, 518 U.S. at 351-52; *Pilgrim v. Littlefield*, 92 F.3d at 416. He also fails to allege that he is unable to contact his attorney in any manner. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *Ingalls v. Florio*, 968 F. Supp. 193, 204 (D.N.J. 1997) ("[L]imited access to telephone calls, however, is not a constitutional violation so long as inmates can communicate with their counsel in writing or in person by visits.").

Plaintiff further alleges that certain officers are not feeding him. While "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment," *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977), Plaintiff makes no such sweeping allegations.

Plaintiff's final allegation in support of the requested emergency relief is that he has a fracture in either his finger or his hand and wants to see a private doctor. Plaintiff states that the prison is "trying/forcing me to use their 'private' doctor and blocking me from obtaining my own." He further states that the "doctor here will not pull me out for a exam although my metacarpol bone is CLEARLY disfigured and it stings." Plaintiff, despite filing a 71-page complaint, did not include any allegation in this action about his alleged fractured bone, thus there is no claim pending before this Court regarding the alleged fractured bone. Plaintiff does

5

have another action pending in the Western District of Kentucky in which he raises the medical treatment or lack thereof associated with the alleged fractured finger.  *See* Civil Action No. 5:13CV-29-R.  Any motion for TRO and PI regarding the treatment of his finger would more appropriately be addressed in that action.

Additionally, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  Plaintiff has failed to set forth sufficient facts to support the need for emergency relief to prevent him suffering irreparable harm.  "The speculative nature of [Plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Having failed to show a likelihood of success on the merits or irreparable harm for the purpose of being granted immediate relief, Plaintiff's third and fourth motions for a TRO and PI, **DNs 53 & 54**, are **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.003