UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GLENN D. ODOM, II**                                                                                            **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO. 5:12CV-P73-R**

**GARY PHERAL** *et al.*                                                                                       **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

Before the Court are six motions filed by Plaintiff (DNs 41, 42, 51, 52, 56, and 58).

*Motions to Compel*

Plaintiff has filed two motions to compel (DNs 41 & 42). In these motions Plaintiff requests the Court to order Skyla Grief to make copies of the exhibits he intends to include as attachments to his amended complaint in this action.

As the amended complaint and exhibits have already been filed in this action, the motions to compel, **DNs 41 & 42**, **are DENIED** as being moot.

*Emergency Motion to Serve Defendants*

Plaintiff has filed an "Emergency Motion To Serve Summons And Complaint Upon Defendants" (DN 51). In this motion Plaintiff requests the Court to order service on Defendants Service on Defendants is not appropriate until the Court completes its initial review of this action pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The service on Defendants will be addressed by the Court in its order addressing initial review of this action.

For this reason, Plaintiff's motion to serve Defendants, **DN 51**, **is DENIED**.

*Emergency Motion for a Facility Transfer*

Plaintiff has also filed an "Emergency Motion For A Facility Transfer" (DN 52). In it he requests the Court to order his transfer out of the Kentucky State Penitentiary to another Kentucky Department of Corrections facility because he is the "target of retaliation, harassment, and torment from all defendants for filing civil complaints." Plaintiff has no constitutional right to placement in a particular institution, thus his request for a transfer must be denied. *See Dancy v. George*, Civil Action No. 07-CV-97-GFVT, 2007 WL 2251926, at *2 (E.D. Ky. Aug. 2, 2007) (denying transfer request, in part, because "[w]ell-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment"); *Rouse v. Simpson*, No. 5:08CV-P123-R, 2009 WL 5103628, at *4 (W.D. Ky. Dec. 17, 2009) (finding that plaintiff's request for an injunction directing his transfer to another institution must be denied because the law is clear that "a prisoner has no right to be incarcerated in a particular institution or a particular part of an institution"). Only in extreme situations would a federal court have the authority to order a State to transfer a prisoner, and then, usually, it would be in the discretion of the State to select another appropriate facility. *See Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980); *Moore v. Schuetzle*, 486 F. Supp. 2d 969, 981 (D.N.D. 2007). Plaintiff has not presented an extreme situation such that this Court would order a transfer.

For these reasons, Plaintiff's motion for a facility transfer, **DN 52, is DENIED**.

*Motion to Submit for Ruling*

Plaintiff has filed a motion to submit for ruling (DN 56) in which he requests this Court to enter a ruling on his pending motions. Plaintiff has filed a lengthy complaint and voluminous attachments in this case along with numerous motions. The Court has recently addressed these motions and performed its initial review of this action.

Accordingly, Plaintiff's motion to submit for a ruling, **DN 56, is DENIED** as being moot.

*Motion to Relate*

Plaintiff has filed a motion to relate, DN 58, in which he requests this Court to consolidate this case with "Odom v. Smith." Plaintiff states that Odom v. Smith "has not been given a case number yet and Odom v. Smith is, basically, an add on to the above case number - only challenging mailroom retaliation and excessive misconduct." Plaintiff fails to provide any documents for this Court to review to make a determination regarding his request.

For this reason, Plaintiff's motion to relate, **DN 58, is DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.003