UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00073

GLENN D. ODOM, II                                                                                                    Plaintiff,

v.

GARY PHERAL, *et al*.                                                                                              Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the Motion for Summary Judgment filed by Defendants Tammy Smith, Raymond Vinson, and Diane Yeager. (Docket No. 121.) Plaintiff Glenn D. Odom, proceeding *pro se*, *in forma pauperis* has responded. (Docket No. 122.) Odom has also submitted a motion for summary judgment. (Docket No. 120.) This matter stands ripe for adjudication. For the reasons set forth below, the Court will DENY both the motions of the Defendants' and Odom.

**Factual Background**

Odom is an inmate confined at the Kentucky State Penitentiary ("KSP") in Lyon County, Kentucky. He initially alleged claims against nineteen defendants, seeking monetary damages, punitive damages, and several varieties of injunctive relief against numerous individuals associated with KSP. Pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), this Court screened Odom's complaint. Two claims survived this initial review, each contending that KSP mailroom staff improperly opened two pieces of Odom's mail outside his presence. (*See* Docket No. 61.)

Odom attached to his complaint the envelopes at issue, postmarked August 10, 2012, and November 23, 2012. The former indicates a return address from the American Civil Liberties Union ("ACLU") in Louisville, Kentucky, and is clearly marked "Privileged & Confidential Legal Mail." (*See* Docket No. 121-1.) The envelope contained a letter from the ACLU dated November 19, 2012, in which

1

the organization denied Odom's request for legal assistance. (*See* Docket No. 121-3.) The latter is marked "Legal Mail, Attorney Client Privilege," and bears a return address from the ALCU in Indianapolis, Indiana. (*See* Docket No. 121-2.) According to Odom, Pheral "stole" the letter contained within. Odom claims that this letter "positively inquired" into his allegations and referenced a questionnaire that Odom says he failed to receive.

## Legal Standard

### A. Defendants' Motion to Dismiss or Motion for Summary Judgment

Although the Defendants' have styled their motion as seeking summary judgment, they cite Federal Rule of Civil Procedure 12(b)(6) as its basis, arguing that Odom fails to state a claim for which relief may be granted. Different standards apply to each kind of motion. When evaluating a motion to dismiss, the Court must "construe the complaint in a light most favorable to the plaintiff" and "accept all of the factual allegations as true." *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (internal citation mitted). Such a motion tests the sufficiency of the plaintiff's complaint. By contrast, a court will grant a motion for summary judgment only if the pleadings and other record evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

It does not appear that non-pleading matters were attached to the motion. Therefore, the motion is properly considered a motion to dismiss under Rule 12(b), in part to avoid a potentially serious defect: were the motion construed as one for summary judgment, Odom should have been provided an opportunity to submit evidentiary materials in opposition to the Defendants' motion. Although Odom has not suggested that he possesses any such evidentiary materials, the Court will treat the Defendants' filing as a motion to dismiss under Rule 12(b).

**B. Odom's Motion for Summary Judgment**

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

Furthermore, federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the Court's "duty to be 'less stringent' with *pro se* complaints does not require [it] to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). Accordingly, the Court need not "explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Analysis

A.  **The Defendants' Motion to Dismiss**

The Defendants insist that despite the labelled envelopes, Odom has not provided evidence that either letter was correspondence from an attorney representing him. In its letter dated November 19, 2012, the ACLU unambiguously declined to represent Odom. Because this correspondence contained no legal advice, the Defendants reason that it does not constitute legal mail, and that its opening caused Odom no constitutional injury.

The First Amendment affords inmates the right to receive mail. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Courts ascribe particular significance to this right when "legal mail" is involved, granting special protection to "correspondence that impacts upon or has import for the prisoner's legal right, the attorney-client privilege, or the right of access to the courts." *Id.* at 874 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996); (*Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). Despite these protections, though, prison officials may restrict a prisoner's right to receive mail if reasonably related to security or other legitimate penological objectives. *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). The Sixth Circuit instructs that "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993).

"The determination of whether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's 'legal mail' is a question of law properly decided by the court." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003) (citing *Seal v. Morgan*, 229 F.3d 567, 580 (6th Cir. 2000)). To be sure, not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. Such mail may have little or nothing to do with protecting a prisoner's access to the courts and other governmental entities to redress grievances or with protecting an inmate's relationship with an attorney. *Sallier*, 343 F.3d at 874. On the other hand, "prison officials who open and

4

read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights." *Id.* (citing *Parrish v. Johnson*, 800 F.2d 600, 604) (6th Cir. 1986)).

Here, the Defendants do not contest that they opened the pieces of mail labeled "Privileged & Confidential Legal Mail" and "Legal Mail, Attorney Client Privilege," respectively, outside of Odom's presence. (*See* Docket Nos. 121-1, 121-2.) Rather, they justify this conduct by alleging that despite the envelopes' labels, they nonetheless did not constitute legal mail. The Defendants argue that although the ACLU sends "thousands of refusal letters" to inmates these responses "are not substantive and do not give legal advice." (Docket No. 121 at 3.)

Assuming that the Defendants accurately characterize the volume of inmate mail to the ACLU, the Court nonetheless cannot agree with their conclusion. Among its many functions, the ACLU provides direct services and legal advice to inmates, sometimes forming a relationship that allows them to take legal action on an inmate's behalf. Accordingly, the correspondence at issue could have implicated constitutionally protected legal mail rights. *See Sallier*, 343 F.3d at 875. Defendants correctly state that the November 19, 2012, letter denied Odom's request for representation. However, each of the envelopes adequately warned prison officials of its contents, with both indicating that the correspondence contained "privileged" legal information. The Sixth Circuit has characterized "mail from an attorney that was opened outside of [a prisoner's] presence" as "the very essence of 'legal mail.'" *Sallier*, 343 F.3d at 877. "The prisoner's interest in unimpaired, confidential communication with an attorney is an integral component of the judicial process and, therefore . . . as a matter of law, mail from an attorney implicates a prisoner's legal mail rights." *Id.* The envelopes were marked as "legal mail" and were therefore presumptively confidential.

Because Odom has presented an actionable claim pursuant to Federal Rule of Civil Procedure 8, the Court will not dismiss his action at this phase. His allegations are sufficiently to put the Defendants on notice regarding the allegations that they improperly opened his legal mail outside on the two occasions

5

described above.  Of course, Odom's claims may ultimately fail if he is unable to present facts sufficient to merit relief.  However, to the extent that the Defendants argue that Odom has failed to state a claim, the Court is unpersuaded.

### B. Odom's Motion for Summary Judgment

Odom has also submitted a motion for summary judgment.  (Docket No. 120. )  The Defendants have failed to respond to Odom's motion, and the time for doing so has elapsed.  According to Federal Rule of Civil Procedure 56(e), a party who elects not to respond to a motion for summary judgment risks having judgment entered against them if the court finds it appropriate to do so.  Even so, a district court may not grant summary judgment solely because the non-moving party has failed to the respond to the motion within the applicable time limit.  "Even if local rules require a non-moving party to respond to a motion within a certain time, the Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law."  *Miller v. Shore Financial Services, Inc.*, 141 Fed. App'x 417, 419 (6th Cir. 2005) (citations omitted).

Here, Odom has not discharged his initial burden of proving that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.  The bulk of Odom's motion discusses claims that were dismissed by the Court's Memorandum Opinion and Order of April 19, 2013.  (*See* Docket No. 61.)  His motion will accordingly be denied as moot as to these claims.  Odom provides one paragraph concerning the claims for opening two pieces of his incoming legal mail outside his presence.  In it, he alleges that Defendants Smith and Yeager "have worked each and every day that Plaintiff's legal mail was opened" and that "[a]ll handwriting on Plaintiff's legal mail regarding each claim is the handwriting of Tammy Smith[.]"  (Docket No. 120-4 at 4.)  This brief and bare-boned argument does not entitle him to judgment as a matter of law.  Odom's motion will accordingly be denied.

## CONCLUSION AND ORDER

Therefore, for the reasons explained above, the Court hereby DENIES the Motion for Summary Judgment of Defendants Tammy Smith, Raymond Vinson, and Diane Yeager.  (Docket No. 121.)  The Court also DENIES the motion for summary judgment of Plaintiff Glenn Odom.  (Docket No. 120.)