# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:12-CV-00073-TBR

GLENN D. ODOM, II,                                                                                   Plaintiff,

v.

GARY PHERAL, *et al.*,                                                                            Defendants.

## MEMORANDUM OPINION AND ORDER

Glenn D. Odom, II, a state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit against various Kentucky Department of Corrections' personnel for allegedly opening two pieces of mail from the ACLU outside of his presence—an action, he says, that violated his First Amendment rights. Because neither party demonstrated an entitlement to judgment as a matter of law, *see Odom v. Pheral*, No. 5:12-CV-00073, 2015 WL 474318, at *4 (W.D. Ky. Feb. 4, 2015), the Court has set this matter for trial, *see* R. 128 at 2, ¶ 3 (Order of October 27, 2015). Odom now asks the Court to appoint an attorney to represent him. *See* R. 130 at 1–2 (Motion to Appoint Counsel).

Far from a constitutional right, the appointment of counsel to civil litigants is a privilege justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993); *see also Richmond v. Settles*, 450 F. App'x 448, 452–53 (6th Cir. 2011). To determine if such circumstances are present, the Court must consider the complexity of the factual and legal issues involved, the type of case, and the ability of the plaintiff to represent himself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005). The decision is one entrusted to this Court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

1

In this case, there are no exceptional circumstances warranting the appointment of counsel. While Odom says he is ill-suited to represent himself, he has filed more than twenty-one cases in various federal district courts since 2011. *Odom v. Pheral*, No. 5:12-CV-P73-R, 2013 WL 1703868, at *5 (W.D. Ky. Apr. 19, 2013); *see also Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012) (finding *pro se* plaintiff's experience litigating "in both state and federal court" weighed against appointing counsel). Throughout this proceeding, Odom has demonstrated his ability to litigate this case in a *pro se* capacity. *See Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013). His case presents a single, non-complex issue. *See Alexander v. Meckstroth*, 52 F. App'x 719, 720 (6th Cir. 2002). In short, Odom's ability to represent himself is not so lacking (and this case is not so complex) as to create extraordinary circumstances calling for the appointment of counsel.

For the aforementioned reasons, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that, having not articulated a sufficient reason to vacate the trial date, Plaintiff Glenn D. Odom, II's Motion to Amend Summary Judgment and Remand Trial Date (R. 129) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Glenn D. Odom, II's Motion for Appointment of Counsel (R. 130) is **DENIED**; and,

**IT IS FURTHER ORDERED** that Defendants Tammy Smith, Raymond Vinson, and Diane Yeager's Motion for Enlargement of Time to File Pre-Trial Memorandum or Dispositive Motion (R. 133) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:

cc: Plaintiff, *pro se*
     Counsel of Record